# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 27, 2010

140203

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

In re:

HON. CHARLES C. NEBEL,
Probate Judge, Alger County & Schoolcraft
County

SC: 140203
RFI No. 2009-18331

_____/

On order of the Court, the Judicial Tenure Commission has issued a Decision and Recommendation for Discipline, and the Honorable Charles C. Nebel has consented to the Commission's findings of fact, conclusions of law, and recommendation of a public censure and a 90-day suspension without pay.

As we conduct our de novo review of this matter, we are mindful of the standards set forth in *In re Brown*, 461 Mich 1291, 1292-1293 (2000):

[E]verything else being equal:

(1) misconduct that is part of a pattern or practice is more serious than an isolated instance of misconduct;

(2) misconduct on the bench is usually more serious than the same misconduct off the bench;

(3) misconduct that is prejudicial to the actual administration of justice is more serious than misconduct that is prejudicial only to the appearance of propriety;

(4) misconduct that does not implicate the actual administration of justice, or its appearance of impropriety, is less serious than misconduct that does;

(5) misconduct that occurs spontaneously is less serious than misconduct that is premeditated or deliberated;

(6) misconduct that undermines the ability of the justice system to discover the truth of what occurred in a legal controversy, or to reach the most just result in such a case, is more serious than misconduct that merely delays such discovery;

(7)     misconduct that involves the unequal application of justice on the basis of such considerations as race, color, ethnic background, gender, or religion are more serious than breaches of justice that do not disparage the integrity of the system on the basis of a class of citizenship.

In this case those standards are being applied to the following findings of fact of the Judicial Tenure Commission, which had adopted the admissions contained in the settlement agreement, and which we adopt as our own:

> On July 24, 2009, Respondent consumed at least four sixteen-ounce glasses of beer at the Mackinac Grill in St. Ignace, Michigan, between approximately 4:45 p.m. and 7:00 p.m.  Respondent then left the Mackinac Grill to travel to his home in Munising, Michigan.  Respondent traveled northbound on I-75, continued on M-123, and then went west on M-28.  While driving on M-28, Respondent's speed registered on a Mackinac County Deputy's radar device at 105 miles per hour.  Several witnesses also reported that Respondent had passed them on M-28 traveling at speeds around or in excess of 100 miles per hour.  A Michigan State Police unit effectuated a traffic stop of Respondent's vehicle near the Schoolcraft County/Alger County line at or around 9:05 p.m.

> During the traffic stop Respondent acted in a confused and disoriented manner.  An odor of intoxicants emanated from his body and his eyes were bloodshot and glassy.  Respondent admitted to having consumed "four — maybe five — Oberon draft beers."  The Michigan State Police detained Respondent and took him to the Schoolcraft County Jail.  While in jail, Respondent took two breath tests which revealed that his bodily alcohol content was 0.09 per 210 liters of breath.

> Under MCL 257.625(1)(b), it is illegal for a person with a 0.09 blood-alcohol content to operate a motor vehicle on a highway open to the general public.  Respond[ent] was charged with a violation of MCL 257.625(1)(b) in the 93rd District Court.  On September 9, 2009, Respondent pled guilty to a lesser charge of operating a motor vehicle while impaired, in contravention of MCL 257.625(3).

The standards set forth in *Brown* are also being applied to the following conclusions of the Judicial Tenure Commission, which we adopt as our own:

> The facts established by the parties' stipulation in this matter show, by a preponderance of the evidence, that Respondent breached the standards of judicial conduct in the following ways:

3

(a) Failure to establish, maintain, enforce and personally observe high standards of conduct so that the integrity and independence of the judiciary may be preserved, in violation of Canon 1 of the Michigan Code of Judicial Conduct ("MCJC");

(b) Irresponsible or improper conduct which erodes public confidence in the judiciary, in violation of MJCJ, Canon 2A;

(c) Conduct involving the appearance of impropriety, in violation of MJCJ, Canon 2A;

(d) Failure to conduct oneself at all times in a manner which would enhance the public's confidence in the integrity of the judiciary, contrary to MJCJ, Canon 2B; and

(e) Conduct which exposes the legal profession or the courts to obloquy, contempt, censure, or reproach in violation of MCR 9.104(A)(2).

Respondent has pleaded guilty to the commission of a misdemeanor designed to promote public safety. The commission of a crime by a judge erodes public confidence in the judiciary, which is prejudicial to the administration of justice.

After review of the recommendation of the Judicial Tenure Commission, the settlement agreement, the standards set forth in *Brown*, and the above findings and conclusions, we ORDER that the Honorable Charles C. Nebel be publicly censured and suspended without pay for 90 days, effective 21 days from the date of this order. This order stands as our public censure.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 27, 2010

_Corbin R. Davis_
Clerk